## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01956-PAB-MJW

LEO LECH,
ALFONSINA LECH,
JOHN LECH,
ANNA MUMZHIYAN, individually,
and on behalf of her minor son, D.Z.,

Plaintiffs

v.

CHIEF JOHN A. JACKSON of the Greenwood Village Police Department, individually, and in his official capacity,
COMMANDER DUSTIN VARNEY of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER MIC SMITH of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER JEFF MULQUEEN of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER AUSTIN SPEER of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER JARED ARTHUR of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER BRYAN STUEBINGER of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER JUAN VILLALVA of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER ANDY WYNDER of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER ANTHONY COSTARELLA of the Greenwood Village Police Department, individually, and in his official capacity,
OFFICER ROB HASCHE of the Greenwood Village Police Department, individually, and in his official capacity,
AND THE CITY OF GREENWOOD VILLAGE,

Defendants

---

## ANSWER AND JURY DEMAND

---

All Defendants, by and through their attorneys, J. Andrew Nathan, Marni Nathan Kloster and Ashley Hernandez-Schlagel of Nathan Dumm & Mayer P.C., hereby respond to Plaintiffs' First Amended Complaint as follows:

1.      With reference to the allegations contained in paragraph 1 of Plaintiffs' First Amended Complaint, Defendants currently have insufficient information to admit or deny the allegations contained therein and, therefore, at this time deny the same.

2.      With reference to the allegations contained in paragraph 2 of Plaintiffs' First Amended Complaint, Defendants currently have insufficient information to admit or deny the allegations contained therein and, therefore, at this time deny the same.

3.       With reference to the allegations contained in paragraph 3 of Plaintiffs' First Amended Complaint, upon information and belief, Defendants admit that Leo and Alfonsina Lech own property located at 4219 S. Alton Street, Greenwood Village, Colorado, which previously had a structure on it.  Defendants currently have insufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, at this time deny the same.

4.      With reference to the allegations contained in paragraph 4 of Plaintiffs' First Amended Complaint, upon information and belief, Defendants admit that John Lech, Anna Mumzhiyan and D.Z. were residents and tenants of 4219 S. Alton Street prior to and at the time of the alleged incident.  Any allegations in paragraph 4 that are inconsistent with these admissions are denied.

5.      With reference to the allegations contained in paragraph 5 of Plaintiffs' First Amended Complaint, Defendants admit that the individual Defendants are law enforcement

officers for the City of Greenwood Village ("the City"), and that the City is a municipality in Arapahoe County. Defendants aver that the remaining allegation in this paragraph seeks a legal conclusion to which no response is required. To the extent a response is required, Defendants assert that 42 U.S.C. § 1983 and any associated definitions speak for themselves.

6. With reference to the allegations contained in paragraph 6 of Plaintiffs' First Amended Complaint, Defendants aver that this Court has original jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 to the extent that any State law claims are not barred by C.R.S. § 24-10-101 *et seq.*

7. With reference to the allegations contained in paragraph 7 of Plaintiffs' First Amended Complaint, Defendants aver that venue is proper in this Court.

8. With reference to the allegations contained in paragraph 8 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein, but aver that the allegations provided do not account for all of the events that occurred.

9. With reference to the allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint, Defendants admit that Seacat evaded police by fleeing into a residential neighborhood. Upon information and belief, Defendants also admit that Seacat entered 4219 S. Alton Street at random without the permission or consent of the Plaintiffs. With respect to the remaining allegations in this paragraph, Defendants currently have insufficient information to admit or deny them and, therefore, at this time deny the same.

10. With reference to the allegations contained in paragraph 10 of Plaintiffs' First Amended Complaint, upon information and belief Defendants admit that D.Z. was the only resident home when Seacat entered the Lech home and was able to leave the residence unharmed

shortly after Seacat had entered, following the direction and assistance provided by a City officer.

11.     With reference to the allegations contained in paragraph 11 of Plaintiffs' First Amended Complaint, Defendants admit that from June 3 to June 4, 2015, they were confronted with a barricade situation in which an armed suspect, wanted on several felony warrants, and against whom there was probable cause to arrest for criminal attempt first degree murder against a peace officer refused to comply with police demands for surrender, which is classified as a high risk and crisis situation.  Defendants also admit that the situation lasted for slightly less than 19 hours.  Defendants deny any other allegations inconsistent with these admissions.

12.     With reference to the allegations contained in paragraph 12 of Plaintiffs' First Amended Complaint, Defendants admit that appropriate and necessary tactics were used to try to extract Seacat from the Lech home alive without harming any member of the community, any law enforcement officers, Seacat or the two dogs they were informed were at the residence. Defendants deny the remaining allegations contained in this paragraph.

13.     With reference to the allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint, Defendants admit that the use of chemical munitions can be hazardous to those directly exposed to the chemical munition at the time it is detonated.  The Defendants deny the remaining allegations contained in this paragraph.

14.     With reference to the allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint, Defendants admit that Commander Varney had command of the scene, that Chief Jackson participated in command, and that they gave orders to City officers as well as to

officers of other law enforcement agencies. Defendants deny any remaining allegations contained in this paragraph that are inconsistent with these admissions.

15.     With reference to the allegations contained in paragraph 15 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

16.     With reference to the allegations contained in paragraph 16 of Plaintiffs' First Amended Complaint, Defendants admit that appropriate and necessary tactics were used to try to extract Seacat from the Lech home alive without harming any member of the community, any law enforcement officers, Seacat or the two dogs they were informed were at the residence. Defendants also admit that the Lech Home was declared Unsafe to Occupy by the City's Building Inspector due to structural integrity issues related to the windows and openings, and that there was debris in and around the property. Defendants deny the remaining allegations contained in this paragraph.

17.     With reference to the allegations contained in paragraph 17 of Plaintiffs' First Amended Complaint, Defendants admit that on June 4, 2015, after slightly less than 19 hours after Seacat first entered the Lech home, a forcible entry was executed, including the use of a Bearcat tactical vehicle to gain visual advantage to determine Seacat's location, and that Seacat was subsequently taken into custody. Any allegations contained in this paragraph that are inconsistent with these admissions are denied.

18.     With reference to the allegations contained in paragraph 18 of Plaintiffs' First Amended Complaint, Defendants admit that John Lech, Anna Memzhiyan and D.Z. requested and were permitted to return to the crime scene to retrieve some of their belongings and were

accompanied to the house by Chief Jackson.  Defendants deny the remaining allegations contained in this paragraph.

19.     With reference to the allegations contained in paragraph 19 of Plaintiffs' First Amended Complaint, Defendants deny that all of John Lech, Anna Mumzhiyan, and D.Z.'s personal belongings were destroyed.  Defendants currently have insufficient information to admit or deny the remaining allegations in this paragraph and, therefore, at this time deny the same.

20.     With reference to the allegations contained in paragraph 20 of Plaintiffs' First Amended Complaint, Defendants admit that Anna Mumzhiyan entered the crime scene in direct contravention of police orders and continued to attempt to enter and leave the crime scene despite being told her conduct was impermissible while the crime scene was being investigated. Defendants also admit that because of Ms. Mumzhiyan's disregard for valid and proper police orders related to the crime scene she was informed that she would be subject to arrest if she failed to comply.  Any allegations contained in this paragraph that are inconsistent with these admissions are denied.

21.     With reference to the allegations contained in paragraph 21 of Plaintiffs' First Amended Complaint, Defendants deny that no notice was provided, and aver that notice was given to John Lech who purported to be the individual living in the residence at the time of the incident.

22.     With reference to the allegations contained in paragraph 22 of Plaintiffs' First Amended Complaint, Defendants admit that the City found the Lech home to be Unsafe to Occupy.  Defendants deny the remaining allegations contained in this paragraph.

23.     With reference to the allegations contained in paragraph 23 of Plaintiffs' First Amended Complaint, Defendants currently have insufficient information to admit or deny the allegations contained therein and, therefore, at this time, deny the same.

24.     With reference to the allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint, Defendants currently have insufficient information to admit or deny the allegations contained therein and, therefore, at this time, deny the same.

25.     With reference to the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint, Defendants admit there was a vehicle parked in the garage at the time of the incident, but deny that it was damaged as a result of any illegal or unconstitutional act taken by the Defendants.  Defendants currently have insufficient information to admit or deny the remaining allegations in this paragraph and, therefore, at this time deny the same.

26.     With reference to the allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint, Defendants admit that there have been allegations of damage to property by Plaintiffs' neighbors, but deny any inference or implication that such allegations demonstrate a valid claim in this case.

27.     With reference to the allegations contained in paragraph 27 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

28.     With reference to the allegations contained in paragraph 28 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

29.     With reference to the allegations contained in paragraph 29 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

30.     With reference to the allegations contained in paragraph 31 of Plaintiffs' First Amended Complaint, Defendants deny any alleged notification by Plaintiffs of hypodermic needles.  With respect to the remainder of the allegations contained in this paragraph, Defendants currently have insufficient information to admit or deny them and, therefore, at this time deny the same.

31.     With reference to the allegations contained in paragraph 31 of Plaintiffs' First Amended Complaint, Defendants deny any alleged notification by Plaintiffs of hypodermic needles.  With respect to the remainder of the allegations contained in this paragraph, Defendants currently have insufficient information to admit or deny them and, therefore, at this time deny the same.

32.     With reference to the allegations contained in paragraph 32 of Plaintiffs' First Amended Complaint, Defendants deny Plaintiffs were unaware of alleged hazards in entering the Lech home.  Defendants currently have insufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, at this time deny the same.

33.     With reference to the allegations contained in paragraph 33 of Plaintiffs' First Amended Complaint, Defendants admit that protective equipment was utilized while processing the crime scene.  Any allegations contained in this paragraph that are inconsistent with these admissions are denied.

34.     With reference to the allegations contained in paragraph 34 of Plaintiffs' First Amended Complaint, Defendants admit that the Lech home was uninhabitable, but deny that John Lech, Anna Mumzhiyan, and D.Z. were forced to move in with Leo and Alfonsina Lech.

Defendants currently have insufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, at this time deny the same.

35.     With reference to the allegations contained in paragraph 35 of Plaintiffs' First Amended Complaint, Defendants deny that John Lech was forced to take any action as a result of the Defendants' actions.  Defendants currently have insufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, at this time deny the same.

36.     With reference to the allegations contained in paragraph 36 of Plaintiffs' First Amended Complaint, Defendants deny that D.Z. was forced to take any action as a result of the Defendants' actions.  Defendants currently have insufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, at this time deny the same.

37.     With reference to the allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint, Defendants currently have insufficient information to admit or deny the allegations contained therein and, therefore, at this time deny the same.

38.     With reference to the allegations contained in paragraph 38 of Plaintiffs' First Amended Complaint, Defendants currently have insufficient information to admit or deny the allegations contained therein and, therefore, at this time deny the same.

39.     With reference to the allegations contained in paragraph 39 of Plaintiffs' First Amended Complaint, Defendants, upon information and belief, admit that John Lech's two dogs were at the Lech home while the incident occurred.  Defendants also admit that Chief Jackson informed John Lech that they would do what they could to keep the dogs safe.  Defendants currently have insufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, at this time deny the same.

40.    With reference to the allegations contained in paragraph 40 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein as the Lechs' firearms were used by Seacat during the commission of the criminal barricade situation, and are being held by the District Attorney pending the criminal prosecution of Seacat.

41.    With reference to the allegations contained in paragraph 41 of Plaintiffs' First Amended Complaint, Defendants deny that they destroyed the Lech home or any personal property therein illegally or in an unconstitutional manner during the events that took place on June 3 and 4, 2015, and, therefore, deny the allegations contained in this paragraph.

42.    With reference to the allegations contained in paragraph 42 of Plaintiffs' First Amended Complaint, Defendants deny that they destroyed the Lech home or any personal property therein illegally or in an unconstitutional manner during the events that took place on June 3 and 4, 2015, and, therefore, deny the allegations contained in this paragraph.

43.    With reference to the allegations contained in paragraph 43 of Plaintiffs' First Amended Complaint, Defendants admit that even though it was not legally required, the City offered Plaintiffs $5,000.00 to help with their temporary living situation in a gesture of good faith.    Defendants deny they are responsible for providing Plaintiffs with any further compensation and deny the remaining allegations contained in this paragraph.

44.    With reference to the allegations contained in paragraph 44 of Plaintiffs' First Amended Complaint, Defendants aver that it contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny liability.

45.     With reference to the allegations contained in paragraph 45 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to the allegations incorporated in that paragraph.

46.     With reference to the allegations contained in paragraph 46 of Plaintiffs' First Amended Complaint, Defendants deny that they destroyed the Lech home or any personal property therein illegally or in an unconstitutional manner during the events that took place on June 3 and 4, 2015.

47.     With reference to the allegations contained in paragraph 47 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

48.     With reference to the allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

49.     With reference to the allegations contained in paragraph 49 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

50.     With reference to the allegations contained in paragraph 50 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

51.     With reference to the allegations contained in paragraph 51 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to the allegations incorporated in that paragraph.

52.     With reference to the allegations contained in paragraph 52 of Plaintiffs' First Amended Complaint, Defendants deny they engaged in conduct against the Plaintiffs and aver that any actions taken on June 3 and 4, 2015 were both legal and constitutional.

53.     With reference to the allegations contained in paragraph 53 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

54.     With reference to the allegations contained in paragraph 54 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

55.     With reference to the allegations contained in paragraph 55 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

56.     With reference to the allegations contained in paragraph 56 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

57.     With reference to the allegations contained in paragraph 57 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to the allegations incorporated in that paragraph.

58.     With reference to the allegations contained in paragraph 58 of Plaintiffs' First Amended Complaint, Defendants deny they engaged in conduct against the Plaintiffs and aver that any actions taken on June 3 and 4, 2015 were both legal and constitutional.

59.     With reference to the allegations contained in paragraph 59 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

60.     With reference to the allegations contained in paragraph 60 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

61.     With reference to the allegations contained in paragraph 61 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

62.     With reference to the allegations contained in paragraph 62 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to the allegations incorporated in that paragraph.

63.     With reference to the allegations contained in paragraph 63 of Plaintiffs' First Amended Complaint, Defendants admit that Leo and Alfonsina Lech owned the home located at 4219 S. Alton Street, but deny they had the legal right to possession at all times related to the incident which forms the basis of this Complaint.

64.     With reference to the allegations contained in paragraph 64 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein.

65.     With reference to the allegations contained in paragraph 65 of Plaintiffs' First Amended Complaint, Defendants aver that their actions taken on June 3 and 4, 2015 were both legal and constitutional and deny Plaintiffs' allegations to the contrary.

66.     With reference to the allegations contained in paragraph 66 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

67.     With reference to the allegations contained in paragraph 67 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

68.     With reference to the allegations contained in paragraph 68 of Plaintiffs' First Amended Complaint, Defendants deny any implication that their entry onto Plaintiffs' property was illegal or unconstitutional and, therefore, deny the allegations in this paragraph.

69.     With reference to the allegations contained in paragraph 69 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

70.     With reference to the allegations contained in paragraph 70 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to the allegations incorporated in that paragraph.

71.     With reference to the allegations contained in paragraph 71 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein.

72.     With reference to the allegations contained in paragraph 72 of Plaintiffs' First Amended Complaint, Defendants deny any implication that their actions were illegal or unconstitutional and, therefore, deny the remaining allegations in this paragraph.

73.     With reference to the allegations contained in paragraph 73 of Plaintiffs' First Amended Complaint, Defendants aver that it contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants aver that Article II Section 15 of the Colorado Constitution speaks for itself and deny any implication of a constitutional violation.

74.     With reference to the allegations contained in paragraph 74 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

75.     With reference to the allegations contained in paragraph 75 of Plaintiffs' First Amended Complaint, Defendants deny any implication that their actions were illegal or unconstitutional and, therefore, deny Plaintiffs are entitled to compensation from Defendants.

76.     With reference to the allegations contained in paragraph 76 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

77.     With reference to the allegations contained in paragraph 77 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

78.     With reference to the allegations contained in paragraph 78 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

79.     With reference to the allegations contained in paragraph 79 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to the allegations incorporated in that paragraph.

80.     With reference to the allegations contained in paragraph 80 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein.

81.     With reference to the allegations contained in paragraph 81 of Plaintiffs' First Amended Complaint, Defendants deny any implication that their actions were illegal or unconstitutional and, therefore, deny the remaining allegations in this paragraph.

82.     With reference to the allegations contained in paragraph 82 of Plaintiffs' First Amended Complaint, Defendants aver that it contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants aver that the Fifth Amended of the United States Constitution speaks for itself and deny any implication of a constitutional violation.

83.     With reference to the allegations contained in paragraph 83 of Plaintiffs' First Amended Complaint, Defendants admit that Commander Varney had command of the scene, that Chief Jackson participated in command, and that they gave orders to City officers as well as to officers of other law enforcement agencies.   Defendants deny the remaining allegations contained in this paragraph.

84.     With reference to the allegations contained in paragraph 84 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein, but deny any implication of a valid claim.

85.     With reference to the allegations contained in paragraph 85 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein, but deny any implication of a valid claim.

86.     With reference to the allegations contained in paragraph 86 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein, but deny any implication of a valid claim.

87.     With reference to the allegations contained in paragraph 87 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

88.     With reference to the allegations contained in paragraph 88 of Plaintiffs' First Amended Complaint, Defendants deny any implication that their actions were illegal or unconstitutional and, therefore, deny the allegations in this paragraph.

89.     With reference to the allegations contained in paragraph 89 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

90.     With reference to the allegations contained in paragraph 90 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

91.     With reference to the allegations contained in paragraph 91 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

92.     With reference to the allegations contained in paragraph 92 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to the allegations incorporated in that paragraph.

93.     With reference to the allegations contained in paragraph 93 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein.

94.     With reference to the allegations contained in paragraph 94 of Plaintiffs' First Amended Complaint, Defendants admit that Commander Varney had command of the scene, that Chief Jackson participated in command, and that they gave orders to City officers as well as to officers of other law enforcement agencies.   Defendants deny the remaining allegations contained in this paragraph.

95.     With reference to the allegations contained in paragraph 95 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein, but deny any implication of a valid claim.

96.     With reference to the allegations contained in paragraph 96 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein, but deny any implication of a valid claim.

97.     With reference to the allegations contained in paragraph 97 of Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein, but deny any implication of a valid claim.

98.     With reference to the allegations contained in paragraph 98 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

99.    With reference to the allegations contained in paragraph 99 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

100.    With reference to the allegations contained in paragraph 100 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

101.    With reference to the allegations contained in paragraph 101 of Plaintiffs' First Amended Complaint, Defendants incorporate their responses to the allegations incorporated in that paragraph.

102.    With reference to the allegations contained in paragraph 102 of Plaintiffs' First Amended Complaint, Defendants aver that it contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants aver that 42 U.S.C. § 1988 speaks for itself and deny any implication of a violation under 42 U.S.C. § 1983 entitling Plaintiffs to their attorney fees.

103.    With reference to the allegations contained in paragraph 103 of Plaintiffs' First Amended Complaint, Defendants currently have insufficient information to admit or deny the allegations contained therein and, therefore, at this time deny the same.

104.    With reference to the allegations contained in paragraph 104 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein.

105.    Defendants deny each and every other allegation not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims may not state a cause of action upon which relief can be granted against the Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their damages, if any, as required by law.

### THIRD AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs are deemed to have requested, or in the future request equitable relief, Defendants assert such relief is barred by the doctrines of laches, waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim against the City for punitive damages is improper.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy conditions precedent and/or have failed to exhaust administrative and/or state remedies.

### EIGHTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiffs' claimed damages and/or injuries, if any, may have been Plaintiffs' comparative negligence, negligence per se, or negligence imputed to Plaintiffs as a matter of law, which conduct either bars or reduced Plaintiffs' recovery, if any, in accord with the Colorado comparative negligence law.

## NINTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiffs' claimed damages and/or injuries, if any, may have been Plaintiffs' volitional assumption of a known and appreciated risk which conduct either bars or reduces Plaintiffs' recovery, if any, in accord with Colorado comparative negligence law.

## TENTH AFFIRMATIVE DEFENSE

For all or a portion of Plaintiffs' claims, Plaintiff may not be the real party in interest and, thus, to that extent, Plaintiffs' claims are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to join necessary and indispensable parties in whose absence complete relief cannot be accorded amongst those presently parties to this civil action.

## TWELFTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiffs' claimed damages and/or injuries, if any, may have been the act or omission of a third party or parties over whom the Defendants had no control, to whom the Defendants have no relationship and for whom the Defendants are not legally responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or injuries, if any, were the result of unforeseen circumstances which could not have been reasonably anticipated by Defendants and, thus, Defendants are not legally responsible for Plaintiffs' claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

In the event that Defendants are determined to be in any way at fault concerning the incident and/or injuries described in Plaintiffs' First Amended Complaint, which allegations are

expressly denied, then they shall not be held liable for any greater amount of damages than is represented by their degree or percentage of causal fault, which determination shall be made in accord with C.R.S. § 13-21-111.5.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' State claims against Defendants are barred and/or limited by the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

All of the Defendants sued individually are entitled to qualified immunity from suit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants acted pursuant to the consent of Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have improperly joined a claim for inverse condemnation with other common law claims.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants acted properly pursuant to the exigent circumstances presented.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants acted properly pursuant to the emergent circumstances presented.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants exercised their legal rights in a legally permissible manner.

## RESERVATION OF OTHER DEFENSES

Defendants reserve the right to assert other defenses which may be disclosed as discovery and investigation are accomplished and hereby request leave of court to amend the within Answer, if necessary, at a later date.

WHEREFORE, having fully answered the Plaintiffs' First Amended Complaint, Defendants pray that the same be dismissed and denied and that Defendants have judgment, jointly and severally, against the Plaintiffs for all costs herein expended, for expert witness fees, for attorney fees as provided by law and for such other and further relief as the Court may deem just and proper.

DEFENDANTS REQUEST A TRIAL BY JURY OF ALL ISSUES CONTAINED HEREIN WHICH ARE SO TRIABLE.

Respectfully submitted this 29th day of August, 2016.

*s/ J. Andrew Nathan*
J. Andrew Nathan, #3295
Marni Nathan Kloster, #34947
Ashley Hernandez-Schlagel, #43914
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number: (303) 691-3737
Email*:* aschlagel@ndm-law.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2016, I electronically filed the foregoing **ANSWER AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:.

Rachel B. Maxam
Law Office of Rachel B. Maxam, PLLC
1512 Larimer St., Ste. 600
Denver, CO 80202
Tel: 720-526-2928
Fax: 720-634-0643
Email: rachel@maxamlawfirm.com
Attorney Reg. No. 47711

David K. Williams, Jr.
Williams Law Office LLC
PO Box 371416
Denver, CO 8237
Tel: 303-588-2731
Email: dave@dkwilliams.net
Attorney Reg. No. 34629

*/s/ J. Andrew Nathan*
J. Andrew Nathan
Marni Nathan Kloster
Ashley Hernandez-Schlagel
Attorney for Defendants
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number:  (303) 691-3737
Facsimile:  (303) 757-5106