IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01956-PAB-MJW

LEO LECH,
ALFONSIA LECH, and
JOHN LECH,

    Plaintiffs,

v.

CHIEF JOHN A. JACKSON,
COMMANDER DUSTIN VARNEY,
OFFICER MIC SMITH,
OFFICER JEFF MULQUEEN,
OFFICER AUSTIN SPEER,
OFFICER JARED ARTHUR,
OFFICER BRYAN STUEBINGER,
OFFICER JUAN VILLALVA,
OFFICER ANDY WYNDER,
OFFICER ANTHONY COSTARELLA,
OFFICER ROB HASCHE,
of the Greenwood Village Police Department, individually and in their official capacities, and
THE CITY OF GREENWOOD VILLAGE,

    Defendants.

___

## ORDER
___

This matter comes before the Court on Plaintiffs' Partially Opposed Motion for Stay of Judgment Pending Appeal and to Waive or Reduce Supersedeas Bond [Docket No. 127].[1]

---

[1] "Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citations and internal quotation marks omitted). Because plaintiffs' motion addresses a collateral matter that is not the subject of their pending appeal, the

On January 9, 2018, this Court entered judgment in favor of defendants on plaintiffs' claims under the Fifth and Fourteenth Amendments of the U.S. Constitution and Article II, § 15 of the Colorado Constitution. Docket No. 116. The Court also awarded defendants their costs. *Id.* On February 6, 2018, the Clerk of the Court entered a judgment against plaintiffs and in favor of defendants for costs in the amount of $9,733.45. Docket No. 119. Plaintiffs filed a notice of appeal on February 8, 2018. Docket No. 121. On March 21, 2018, plaintiffs moved for a stay of the $9,733.45 judgment for costs pending their appeal to the Tenth Circuit and for waiver of the supersedeas bond. Docket No. 127.

Federal Rule of Civil Procedure 62(d) provides that a party appealing a district court judgment "may obtain a stay by supersedeas bond" that is "given upon or after fling the notice of appeal or after obtaining the order allowing the appeal." The purpose of a supersedeas bond is "to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Grubb v. Federal Deposit Ins. Corp.*, 833 F.2d 222, 226 (10th Cir. 1987). The general rule is that the supersedeas bond will be equal to the "full amount of the judgment." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). However, the district court has the discretion to reduce or waive the bond requirement if "the appellant demonstrates a present financial ability to respond to the judgment that is likely to continue" or if the appellant's "present financial condition is such that posting a full bond would impose an

---

Court has jurisdiction to resolve the motion. *See Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods., Inc.*, No. 06-cv-02537-PAB-BNB, 2008 WL 5412469, at *3 (D. Colo. Dec. 24, 2008) (holding that district court retained jurisdiction to resolve plaintiff's motion for stay and setting of supersedeas bond).

undue financial burden." *Sierra Club v. El Paso Gold Mines, Inc.*, No. Civ. A. 01 PC 2163 OES, 2003 WL 25265871, at *8 (D. Colo. Apr. 21, 2003). In either circumstance, it is the appellant's duty to demonstrate that a departure from the usual bond requirement is warranted and to "present the court with a financially secure plan that will provide adequate security for the judgment creditor, in lieu of posting a supersedeas bond." *Id.*; *see also Myers v. Mid-West Nat'l Life Ins. Co.*, No. 04-cv-00396-CMA-KLM, 2009 WL 306366, at *2 (D. Colo. Feb. 6, 2009) (stating that the appellant "bears the burden to demonstrate a good reason for departing from the usual requirement of full security"). A court deciding the amount of a supersedeas bond may consider several factors, including:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is obvious enough that the cost of the bond would be a waste of money; and (5) whether the appellant is in such dire financial circumstances that a bond would place the appellant's other creditors at risk.

*Myers*, 2009 WL 306366, at *2 (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)); *see also Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, 2015 WL 899312, at *1 (D. Kan. Mar. 3, 2015).

Plaintiffs in this case seek a stay of the $9,733.45 judgment for costs and a waiver of the supersedeas bond requirement. In support of their motion, plaintiffs assert that they have the financial means to easily satisfy the amount of the judgment, such that the posting of a bond would be a waste of money. *See* Docket No. 127 at 5. They further contend that defendants will have no difficulty quickly obtaining the

$9,733.45 if the Court's judgment is affirmed on appeal because defendants can garnish plaintiffs' wages or bank accounts or file liens on plaintiffs' two properties. *Id.* at 6-7. Defendants do not oppose plaintiffs' request for a stay, but they assert that plaintiffs have not provided "any justifiable reason as to why they cannot satisfy" the supersedeas bond requirement under Fed. R. Civ. P. 62(d) or explained why their current "financial position provides Defendants with adequate security." Docket No. 128 at 2. In particular, defendants challenge the sufficiency of plaintiffs' evidence regarding their current income, noting that plaintiffs have not "provide[d] any kind of affidavit or other sworn document attesting to their income and ability to pay." *Id.* at 4. Defendants further argue that, even if plaintiffs are presently able to pay the $9,733.45 judgment, their assurances that defendants will be able to easily collect the judgment in the future are "based on speculation as they have not provided any bank account information or evidence ensuring they will be employed following the Tenth Circuit appeal," and "putting a lien on [plaintiffs'] property [would] not get the Defendants their money judgment until such property is sold." *Id.* at 5.

The Court agrees that plaintiffs have failed to justify a waiver of the supersedeas bond requirement. Even assuming that the exhibits filed in support of plaintiffs' motion are sufficient to demonstrate plaintiffs' present ability to pay the judgment, plaintiffs have failed to "present the court with a financially secure plan that will provide adequate security for the judgment creditor, in lieu of posting a supersedeas bond." *Sierra Club*, 2003 WL 25265871, at *8. Plaintiffs argue that defendants will be able to quickly collect on the judgment by garnishing plaintiffs' wages or bank accounts or by placing liens on their properties. However, plaintiffs have not provided any guarantee that those assets

4

will still be available following the outcome of their appeal. *See Howard Town Center Developer, LLC v. Howard University*, 288 F. Supp. 3d 11, 13 (D.D.C. 2017) (declining to waive supersedeas bond where plaintiff had not provided "financially secure plan for maintaining [the] same degree of solvency during the period of an appeal"). The fact that defendants could place a lien on plaintiffs' property is not a proper substitute for the supersedeas bond requirement given that defendants would have to wait until the property is sold to recover the amount of the lien. *See Hornick v. Boyce*, No. 03-cv-02504-REB-CBS, 2007 WL 1795838, at *3 (D. Colo. June 20, 2007) (denying defendants' request to use judgment lien on real property as substitute for supersedeas bond on ground that defendants had not "demonstrated adequately that their proposed alternative to the posting of a full supersedeas bond [would] provide adequate security" to plaintiff); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990) (waiving supersedeas bond but requiring that defendant provide "real property security in an appropriate amount"). Given plaintiffs' assertions that they have the present ability to satisfy the $9,733.45 judgment, the Court sees no reason to depart from the usual requirements for a stay of judgment under Fed. R. Civ. P. 62(d). *See Walker v. Health Int'l Corp.*, No. 12-cv-3256-WJM-KLM, 2015 WL 5783328, at *3 (D. Colo. Oct. 5, 2015) (denying request for waiver of supersedeas bond where plaintiff failed to show that defendants were "provided adequate security, or that posting a full bond [was] impossible or impractical"); *see also XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-0876-WJM-NYW, 2016 WL 9734948, at *1 (D. Colo. July 27, 2016) (noting presumption in favor of requiring a bond). Accordingly, plaintiffs may obtain a stay of

judgment upon the filing of a supersedeas bond in the amount of $9,733.45. *See Physicians Ins. Capital, LLC v. Praesidium All. Grp., LLC*, 2013 WL 5232817, at *1 (N.D. Ohio Sept. 16, 2013) ("[A] stay is a matter of right where the appellant posts a satisfactory supersedeas bond."); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009) (noting that Fed. R. Civ. P. 62(d) "provides for an automatic stay pending appeal upon the posting of a supersedeas bond").

It is therefore

**ORDERED** that Plaintiffs' Partially Opposed Motion for Stay of Judgment Pending Appeal and to Waive or Reduce Supersedeas Bond [Docket No. 127] is **DENIED**.

DATED May 10, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge